## MARGARET GALE,

### *vs.*

### JOHN BATTIN *et al.*

A lost mortgage of real estate which has never been recorded, and which was unaccompanied by any bond, or other evidence of indebtedness, or any personal liability, cannot be the subject of levy and sale on execution.

A complaint in the nature of a creditor's bill, asking for the appointment of a receiver to collect such lost mortgage, and apply the same to the satisfaction of plaintiff's judgment, does not state facts constituting a cause of action against the mortgagor and his grantee, subsequent to, and with notice of the execution of the mortgage.

The plaintiff brought this action in the district court for Washington county, against John Battin and wife, L. M. Brown, and R. W. Hamilton. The material facts alleged in the complaint are, as follows: Battin was the owner of certain real estate, upon which he and his wife executed a mortgage to defendant Hamilton. No note, bond, or other evidence of indebtedness accompanied the mortgage; it was never recorded and is lost. The defendant Brown afterwards purchased a portion of the mortgaged premises, with notice of the mortgage. The plaintiff recovered judgment against defendant Hamilton, levied upon this lost mortgage and became the purchaser at the sheriff's sale. The defendant Hamilton is insolvent and has absconded, leaving no property in the state save his right and interest under this mortgage. The plaintiff seeks in this action to

Gale v. Battin, et al.

foreclose the mortgage as owner, and she also asks in case she is not held to be the owner, that a receiver be appointed and that defendant Hamilton be adjudged " to turn out and apply said mortgage, as well as any other property he may have, in satisfaction of plaintiff's judgment." The defendants Battin and wife and Brown demurred to the complaint upon the ground that it did not state facts constituting a cause of action. The demurrer was sustained, and plaintiff appeals

W. P. Warner for Appellant.

L. M. Brown for Respondents.

*By the Court*—Berry, J.—Plaintiff is owner of a judgment against Hamilton, who has absconded leaving no property in this state, unless it be his right under a mortgage executed to him by Battin and wife, which was never recorded, and is lost. Subsequently to the execution of the mortgage, Battin and wife conveyed a portion of the mortgaged premises to Brown, who received the conveyance with notice of the mortgage. The present appeal is taken from an order sustaining a demurrer, (to the complaint) interposed by the respondents, (the Battins and Brown) upon the ground that the complaint does not state facts constituting a cause of action.

The complaint is said by the plaintiff to have been framed with a double aspect.

The plaintiff first claims that she has become owner of the mortgage through a levy and sale upon execution. As there was no bond or other evidence of indebtedness, or any personal liability accompanying the mortgage, and the mortgage being lost, neither the levying sheriff, nor the

plaintiff, ever had, or could have had possession, or control of it, we are unable to conceive how, under our statute, any effectual levy or sale could have been made. The plaintiff's claim of right to foreclose the mortgage as owner of the same, must therefore fail.

Secondly, the plaintiff contends, that if she is not owner of the mortgage, and therefore not entitled to foreclose it, her complaint should be sustained as in the nature of a creditor's bill, and in this view of the case she has prayed for a receiver. Even if she is entitled to this relief as against Hamilton, we think the respondents' demurrer well taken. Whether a receiver shall be appointed or not, is a matter in which they are not concerned. When the receiver is appointed, and proceeds to enforce the mortgage, there may be occasion to call them into court; but as long as the plaintiff has no title to the mortgage, and no receiver has been appointed, no cause of action is stated against the respondents, and there is nothing against which they should be asked to defend. This case is readily distinguishable from that presented by an ordinary creditor's bill. Here no personal claim is made against the respondents. It is not pretended that Hamilton's rights under the mortgage are anything more than a claim upon the land mortgaged. There is no indebtedness on the part of the respondents which is sought to be laid hold of.

Order affirmed.